FILED

NOT FOR PUBLICATION

MAR 26 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



APRIL PITTS,

                    Petitioner-Appellant,

v.

DEBORAH JOHNSON,

                    Respondent-Appellee.

No. 16-56509

D.C. No. 2:14-cv-06427-VAP-KES

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted March 9, 2018
Pasadena, California

Before:  W. FLETCHER and OWENS, Circuit Judges, and MOSKOWITZ,** Chief
District Judge.

    Petitioner-Appellant April Pitts ("Petitioner") appeals the denial of her

petition for writ of habeas corpus.  We have jurisdiction under 28 U.S.C. § 2253.

We affirm.

---

    *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The Honorable Barry Ted Moskowitz, Chief United States District
Judge for the Southern District of California, sitting by designation.

Petitioner's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Under AEDPA, we may not grant habeas relief unless the last reasoned state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)–(2).  The last reasoned state-court decision was the California Court of Appeal's denial of Petitioner's claim on July 25, 2013.

The California Court of Appeal's decision was not "contrary to" clearly established federal law.  28 U.S.C. § 2254(d)(1).  To be "contrary to" clearly established federal law, the state court must have "reache[d] a legal conclusion opposite the Supreme Court's or conclude[d] differently on an indistinguishable set of facts."  *DeWeaver v. Runnels*, 556 F.3d 995, 997 (9th Cir. 2009).  Here, the state court expressly applied the proper standard for ineffective assistance of counsel ("IAC") claims established in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, Petitioner must show that her "counsel's representation fell below an objective standard of reasonableness," and that she was prejudiced as a result.  466 U.S. at 688.  *Strickland* itself denied an IAC claim alleging an

2

unreasonable failure to investigate. *Id.* at 699–700. Petitioner points to no "indistinguishable" Supreme Court case granting relief based on such a claim.

The California Court of Appeal's decision also did not "involve[] an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). To meet this "difficult" standard, Petitioner needed to show that "the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Moreover, because Petitioner's ineffective assistance of counsel claim is governed by the "general" *Strickland* standard, we must be "doubly deferential" to the state court's evaluation. *Vega v. Ryan*, 757 F.3d 960, 966 (9th Cir. 2014) (per curiam) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

Here, there was room for fairminded disagreement about the reasonableness of counsel's performance. Petitioner argues that her counsel should have done more to pursue the misidentification defense, but "[a]n attorney need not pursue an investigation that would be fruitless" or "harmful to the defense." *Harrington*, 562 U.S. at 108. Pursuing the potential misidentification evidence that Petitioner describes would have been fruitless, if not harmful. For example, even if Jakia,

3

Dee, or Williams could have been located, they likely would have emphasized, rather than minimized, Petitioner's role in the robbery in order to protect their own interests. Especially in the case of Williams, "trial counsel, as a matter of strategy, was much happier with having [her] as an empty chair to which he could point, without facing the danger of refutation." *Smith v. Stewart*, 140 F.3d 1263, 1273 (9th Cir. 1998). Similarly, counsel rejected the idea of introducing a photograph of Williams at trial based on the risk that the robbery victim would only become more certain of her identification of Petitioner after seeing the photograph. This calculation, along with counsel's other decisions, are strongly presumed to result from "reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 690). The cases that Petitioner cites do not support Petitioner's attempts to rebut that presumption. *See, e.g.*, *Rompilla v. Beard*, 545 U.S. 374, 383–84 (2005) (addressing trial counsel's failure "to examine the court file on Rompilla's prior conviction," which was "a public document, readily available for the asking at the very courthouse where Rompilla was to be tried"); *Wiggins v. Smith*, 539 U.S. 510, 524–25 (2003) (addressing penalty phase counsel's failure to "expand their investigation beyond the [pre-sentence investigation] and [Department of Social Services] records," and noting that "counsel uncovered no evidence in their investigation to suggest that a mitigation

4

case . . . would have been counterproductive, or that further investigation would have been fruitless").

There was also room for fairminded disagreement about the prejudice resulting from any deficiency in counsel's performance. Petitioner needed to demonstrate "a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 694). Especially given the confidence at trial of the robbery victim in her identification of Petitioner, and the damning confession available as rebuttal evidence, it was not unreasonable for the state court to find no reasonable probability of a different result.

Finally, the California Court of Appeal's decision was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner argues that the state court unreasonably determined that counsel possessed a photograph of Williams. But the state court simply recounted counsel's confused testimony on the matter, without resolving the factual issue.

**AFFIRMED**.